# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

In Re:                                                    ) Chapter 13 Case No: 10-55458
                                                          )
                                                          ) Judge Marilyn Shea-Stonum
Michael David Hillis                                      )
                                                          ) **Original Chapter 13 Plan**
                                                          ) (number ) Amended Chapter 13 Plan**
            Debtor(s).                                    ) See Paragraph Twelve for Special
                                                          ) Provisions

*************************************************************************

**ATTENTION CREDITORS-YOUR RIGHTS MAY BE AFFECTED**.

You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provisions of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. A proof of claim regarding a secured claim must have proof of security attached.**

_____

** Reason Plan is Being Amended

1. **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. 1326(a) (1), as follows:

A. To the Chapter 13 Trustee (hereinafter "Trustee"): $216.67     per month, payable in
   _____ monthly  _____ semi-monthly  __X___ bi-weekly  _____ weekly  installments of $100.00 each,

        __X___ The Debtor is employed by Summit County Sheriff Dept, 53 University Avenue, Akron, OH 44308 and shall make payment by payroll deduction.

        _____ The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.

        _____ The Debtor is retired and/or has (source of income) and shall make payments to the Trustee by check or money order.

   The Debtor further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan.

**2. ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

Concurrent with the filing of this plan, the Debtor has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors.

| Creditor and Collateral | Account # | Address | Amount |
|---|---|---|---|
| National City Bank- 2005 Kawasaki | | | 20.00 |

**3. ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and /or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Paragraphs, 4, 5, and 6; (iv) priority domestic support obligations claims pursuant to 11 U.S. C. 507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S. C. 507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

**4. CLAIMS SECURED BY REAL PROPERTY**

   A. **Mortgage Arrearages and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Note: The interest rate requested by the creditor must be stated on the front of the proof of claim. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Payment Creditor | Property Address | Estimated Arrearage Claim | Interest Rate | Monthly (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

   B. **Liens and Other Claims Secured By Real Estate**

| Payment Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

5. **CLAIMS SECURED BY PERSONAL PROPERTY**

   A. **Secured Claims to be Paid Through the Plan:**

Trustee shall pay the following claims in equal monthly payments.

| Payment Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly (Paid by Trustee) |
|---|---|---|---|---|
| National City Bank | 2005 Kawasaki | 700.00 | 7% | N/A |

6. **FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY**

| Claim Amount | Interest Rate | Monthly (Paid by Trustee) |
|---|---|---|
| | | |

7. **DOMESTIC SUPPORT OBLIGATIONS**

Debtor ___X___ does _____ does not have domestic support obligations pursuant to 11 U.S.C. 101(14A).

If the Debtor does have domestic support obligations:

The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. 1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. 112.

| Holder Name | Address |
|---|---|
| Olga Hillis | 1530 Hilbish   Akron, OH |

Trustee shall pay pursuant to 11 U.S.C. 507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| | | |

8. **OTHER PRIORITY CLAIMS**

Trustee shall pay pursuant to 11 U.S.C. 507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
| --- | --- |
| Internal Revenue Service | 6,216.00 |

9. **GENERAL UNSECURED CLAIMS**

Unsecured Creditors shall be paid 5% of timely filed and non disputed general non-priority unsecured claims.

10. **PROPERTY TO BE SURRENDERED**

Debtor will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 90 days from the date that the property is surrendered to the creditor. A deficiency claim filed beyond the 90 days must be allowed by separate order of the Court.

| Creditor | Property Description |
| --- | --- |
| Chase | 1530 Hilbish   Akron, OH |

11. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid directly by the Debtor to the creditor.

| Creditor | Property Description |
| --- | --- |

12. **SPECIAL PROVISIONS**

(A)   Per a domestic relations case, the timeshare property of the debtor located in Virginia Beach, Virginia, is to be sold and the proceeds split evenly between the debtor and his ex-spouse.

/s/ Anthony J. Costello #0022789                                     /s/ Michael David Hillis
2666 S. Arlington Road                                                       Debtor's Signature
Akron, OH 44319
330-644-00076

/s/_____
Debtor's Signature

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

IN RE: Hillis, Michael David

DEBTOR(S)'

) CHAPTER 13
) CASE NO. 10 55458
)
) FINANCIAL SUMMARY
) OF DEBTOR(S)' CHAPTER 13 PLAN

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| I. | PRIORITY CREDITORS 100% | | | | | | | $ 6,216.00 |
| | 1 | Internal Revenue Service | | | | | | |
| | 2 | | | | | | | |
| | 3 | | | | | | | |
| II. | SECURED CREDITORS OUTSIDE THE PLAN | | | | | | | |
| | 1 | None | | | | | | |
| | 2 | | | | | | | |
| | 3 | | | | | | | |
| | 4 | | | | | | | |
| | 5 | | | | | | | |
| III. | SECURED CREDITORS INSIDE PLAN | | 100% of | $700.00 | | | | $ 700.00 |
| | | | | SECURED AMOUNT | UNSECURED AMOUNT | | | |
| | 1 | National City Bank | | $ 700.00 | $ 0.00 | | | |
| | 2 | | | | | | | |
| | 3 | | | | | | | |
| | 4 | | | | | | | |
| | 5 | | | | | | | |
| | 6 | | | | | | | |
| IV. | UNSECURED PORTION OF ABOVE SECURED CREDITORS | | | | | 5% of | $0.00 | $ 0.00 |
| V. | UNSECURED CREDITORS | | | | | 5% of | $37,949.00 | $ 1,897.45 |
| VI. | ATTORNEY FEES PAID | | | $426.00 | BALANCE THROUGH PLAN | | | $ 2,574.00 |
| VII. | COURT MAILING FEES | | | 21 | x.50 | x2 | | $ 21.00 |
| | | | | | | | SUBTOTAL | $ 11,408.45 |
| VIII. | TRUSTEE'S FEES & EXPENSES | | | 11.11% | | | | $ 1,140.84 |
| | | | | | | | TOTAL | $ 12,549.29 |
| IX. | DEBTOR PROPOSES: | | TO PAY INTO PLAN | | | | | |
| | Husband $ 100.00 every | | bi-weekly | for 5 years | | | | |
| | Wife | every | month | for 4 years | | | | $ 13,000.00 |

The total of Item IX must be at least the total of Item I through VIII. This report must be turned over to the Trustee prior to the First Meeting of Creditors.

KEITH RUCINSKI
CHAPTER 13 TRUSTEE